# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNDELL HENDERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>SUSAN HUBBARD, et al.,<br><br>        Defendants. | CASE NO. 1:08-cv-01632-OWW-YNP PC<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DOCUMENT 10) |

    Plaintiff Johndell Henderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for temporary restraining order/preliminary injunction filed on December 8, 2008.

    Plaintiff's Motion for temporary restraining order/preliminary injunction requests the Court to order prison officials to grant Plaintiff access to the California Department of Corrections and Rehabilitation's Family Visiting Program so that Plaintiff may have conjugal visits with his wife. The subject of this lawsuit is whether the denial of conjugal visits for Plaintiff unconstitutionally interferes with Plaintiff's free exercise of religion under the First Amendment and/or violates the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Plaintiff claims that having sexual relations with his wife is mandated by his Muslim faith. Plaintiff claims that he will suffer irreparable harm because he is violating religious obligations and his wife has indicated that she will be forced to have sexual relations with another man if Plaintiff does not gain access to the Family Visiting Program.

    The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Further, Plaintiff must demonstrate a likelihood of prevailing on any affirmative defense as well as on Plaintiff's case in chief. National Steel Car, Ltd. v. Canadian Pac. Ry., 357 F.3d 1319, 1325 (Fed. Cir. 2004). Plaintiff must demonstrate likelihood of success on the merits "in light of the presumptions and burdens that will inhere at trial on the merits." A& M Records, Inc. V. Amazon.com, Inc., 487 F.3d 701, 714 (9th Cir. 2007). Defendants have filed a motion to dismiss, aruing six separate grounds for dismissal. Plaintiff has been granted two extensions of time in which to file opposition. Further, discovery has yet to open in this case. Until such time as the Court rules on the motion to dismiss, it is unclear whether Plaintiff can demonstrate a likelihood of success on the merits.

Plaintiff has not submitted any evidence demonstrating a probable chance of success on the merits of his claim other than his own declaration that he has a probable chance of success. Nor has Plaintiff submitted sufficient evidence demonstrating a significant threat of irreparable injury. With respect to Plaintiff's allegation that his wife will have sexual intercourse with another man, Plaintiff only provides hearsay statements from his wife. Further, the balance of equities does not favor

1  Plaintiff as Plaintiff does not demonstrate how the rights at issue – the free exercise of religion under
2  the First Amendment and RLUIPA – require the state to undertake the duty of preventing Plaintiff's
3  wife's infidelity.  Nor is it clear how Defendants' policy of denying life sentenced inmates access
4  to the Family Visiting Program is the proximate cause of Plaintiff's wife's infidelity.  Plaintiff also
5  claims irreparable harm because his religious faith mandates sexual intercourse with his spouse.
6  Plaintiff has not submitted persuasive evidence regarding the mandates of his religious faith.
7  Plaintiff offers a quotation from the "Holy Quran" that does not appear to directly support the
8  proposition that he carries a religious obligation to engage in sexual intercourse his wife, though
9  Plaintiff alleges that the interpretation of the verse supports his proposition that sexual intercourse
10 is obligatory.[1]

11      The Court finds that Plaintiff has not carried his heavy burden of persuasion required to
12 justify the extraordinary and drastic remedy of a preliminary injunction.  The Court recommends that
13 Plaintiff's motion for preliminary injunctive relief be denied.

14      Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for temporary
15 restraining order/preliminary injunction, filed December 8, 2008, is DENIED.

18 IT IS SO ORDERED.

20 **Dated:   September 25, 2009**                    /s/ Olive W. Wanger
                                                   UNITED STATED DISTRICT JUDGE

---

[1]Plaintiff provides:
    Allah also says in the Holy Quaran: Your wives are a tilth for you, so go to your
    tilth, when or how you will, but do some good act for your souls beforehand; and
    fear Allah, and know that you are to meet Him (in the Hereafter), and give good
    tidings to be believers.  (See Holy Quran at 2:223) As this verse is interpreted as
    being an obligation for the Muslim male and female to have sexual intercourse
    with each other, in any manner as long as it is in the vagina and not in the anus.
(Mot. Req. Issuance of Order for TRO and Prelim. Inj. Pursuant to Federal Rules of Civil Procedures, Rule 65(a)(b); Including Decl. of Pl.; and Mem. of P. & A. 6.)