IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNDELL HENDERSON,

    Plaintiff,                     1: 08 CV 01632 OWW YNP SMS (PC)

  vs.                            FINDINGS AND RECOMMENDATIONS RE
                                  DEFENDANTS' MOTION TO DISMISS
                                  (DOCUMENT 19)

SUSAN HUBBARD, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This actions been referred to this court by Local Rule 302 pursuant to 28 U.S.C. § (b)(1). Pending before the court is Defendants' motion to dismiss. Plaintiff has failed to oppose the motion.[1]

       This action proceeds on the original complaint. In the order directing service, the court found that Plaintiff stated a claim for relief against Defendants Hubbard, Grannis, Jenson, Hedgpeth, Garcia, Pfeiffer, Gonzales and Chrones on Plaintiff's claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000. Defendants filed the motion to dismiss that is now before the court on, among other grounds, the ground that

---

[1] The motion to dismiss was filed on June 15, 2009. Plaintiff has been granted five extensions of time in which to file opposition to the motion.

1

Plaintiff's claims are barred by the applicable statute of limitations.

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison. The complaint sets forth allegations that Plaintiff has been denied conjugal visits, in violation of his right to the free exercise of his religious beliefs. Essentially, Plaintiff's claim is that, as a Muslim, he is required to engage in sexual relations with his wife. Plaintiff's failure or inability to do so violates the tenets of his religious beliefs. Plaintiff contends that the CDCR's policy of denying conjugal visits to inmates with a life sentence violates the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

The facts of the complaint, taken as true, indicate that Plaintiff was received into CDCR custody in June of 1998. Plaintiff was sentenced to 297 years, including nine 25 to life sentences. (Compl., ¶¶ 8-10.) Plaintiff was able to regularly visit with his wife at High Desert State Prison from August of 1998 to March of 2003, and at Salinas Valley State Prison from March of 2003 to September 21, 2005, when he was transferred to Kern Valley State Prison. (Compl., ¶ 12.) At Norther Kern, "plaintiff's wife began not to come and visit plaintiff on a regular basis, because of not being able to practice the tenets of the religion of Al-Islam, which is to establish sexual relations with each other." Id.

Plaintiff specifically alleges that he filed a challenge to the enforcement of the applicable regulations that prohibit Plaintiff from participating in conjugal visits. [2] Plaintiff filed an inmate grievance on September 26, 2006. All of the named defendants in this action denied Plaintiff's grievance at some level. Plaintiff's grievance was ultimately denied at the Final, Director's level of review. Plaintiff's argument in his grievance, as in his complaint, is that the regulation

---

[2] Cal. Admin. Code tit. 15, § 3177 (b)(2) prohibits conjugal visits for inmates who do not have a parole date established by the Board of Prison Terms, are serving a sentence of life without the possibility of parole, or are designated close B custody. Plaintiff, by his own allegation, is serving a 297 year sentence, including nine 25 to life sentences. Plaintiff makes no allegations that he has received a parole date set by the Board of Prison Terms.

prohibiting conjugal visits for inmates with a life sentence creates a substantial burden on Plaintiff's ability to exercise his religious beliefs.

Defendants argue that Plaintiff's claim is barred by the applicable statute of limitations. The statute of limitations for claims brought under 42 U.S.C. § 1983 is governed by the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); Van Strum v. Lawn, 940 F.2d 406, 408 (9th Cir. 1991). In post Wilson California, that period is one year. Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704 (9th Cir. 1992). Also, while federal law determines when a cause of action accrues (see Elliott v. Union City, 25 F.3d 800, 801-02 (9th Cir. 1994)), state law determines the applicable tolling doctrines. Id. at 802; see also Hardin v. Straub, 490 U.S. 536, 543-44 (1989).

Under federal law, the limitation period begins to run when the plaintiff knows of or has reason to know of the injury that is the basis for the action. Trotter v. International Longshoreman's and Warehouseman's Union, Local 13, 704 F.2d 1141, 1143 (9th Cir. 1983). Plaintiff challenged the policy at issue on September 26, 2006. Plaintiff was aware of the policy before then. In paragraph 10 of his complaint, Plaintiff alleges that he was denied overnight visits in June of 1998. Plaintiff goes on to alleged that "he has since been de-classified as Close B, which still prevents him from participating in the family visiting program, due to having multiple life sentences." (Compl.; ¶ 11.) Plaintiff's period began to run in June of 1998, when he became aware of the reason his conjugal visits were denied. California Code of Civil Procedure § 352.1 tolls the statute of limitations for two years during imprisonment. Section 352.1 only applies to prisoners "serving a term for less than life." Plaintiff, by his own allegation, is serving a 297 year sentence, including nine 25 to life sentences. Plaintiff makes no allegation that he will be eligible for parole during his lifetime.

On January 1, 2003, California Code of Civil Procedure § 335.1 became law. The new section extends the prior limitations period applicable to personal injury actions (and

correspondingly to federal civil rights claims, *see* Wilson v. Garcia, 471 U.S. 261,271-72, 276, (1985)) from one year under § 340(3) to two years. *See* Cal.Civ.Proc.Code § 335.1. Plaintiff does not benefit from this new two-year statute of limitations; since his claims herein accrued before January 1, 2003, the one-year statute governs. *See* Krusesky v. Baugh, 138 Cal.App.3d 562, (1982) ("[S]tatute[s][are] presumed to be prospective only and will not be applied retroactively unless such intention clearly applies in the language of the statute itself."); *see also* Landgraf v. USI Film Products, 511 U.S. 244, 265-66 (1994) ("[T]he 'principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.' ). Nothing in the legislation extending California's personal-injury limitations period suggests that the California Legislature intended § 335.1 to apply retroactively, except to claims made by victims of terrorist actions on September 11, 2001. *See* Cal. Senate Bill 688, sections (c) & (d). Abrieu v. Ramirez, 284 F.Supp.2d 1250, 1255 (C.D. Cal. 2003). Plaintiff does not fall within this narrow exception. The Ninth Circuit has held that § 335.1 does not apply retroactively. Maldonaldo v. Harris, 370 F.3d 945, 955 (9th Cir. 2004).

  Therefore, Defendants correctly argue that when Plaintiff was denied conjugal visits in June of 1998, he had until June of 1999 to file his complaint. Plaintiff filed the complaint in this action on October 27, 2008, over nine years later. Plaintiff's First Amendment claim is therefore barred by the applicable statute of limitations.

  As to Plaintiff's RLUIPA claim, Defendants note, correctly, that, though RLUIPA does not contain its own statute of limitations period, it is a civil action "arising under and Act of Congress enacted after [December 1, 1990]." and therefore the appropriate limitations period is four years. 28 U.S.C. § 1658 (2008); Jones v. R.R. Donnelley & Sons Co., 541 U.S. > 369, 382 (2004)(holding that four year statute of limitations applies if the plaintiff's claim against the defendant was made possible by a post-1990 enactment). RLUIPA was enacted in September 2000, and created a new right of action which Plaintiff seeks to invoke in his

complaint. 42 U.S.C. § 2000cc-1.  To the extent that Plaintiff raises a claim under RLUIPA, a four-year statute of limitations period applies.  United States v. Maui County, 298 F.Supp. 2d 1010, 1012-13 (D. Hawaii 2003).  Plaintiff filed his complaint over five years after June of 2003, when his complaint should have been filed.

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss be granted, and this action be dismissed as barred by the applicable statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 18, 2010**                 /s/ Sandra M. Snyder
                                                                            UNITED STATES MAGISTRATE JUDGE